THE STATE, HENRY P. SIMMONS, PROSECUTOR, v. THE CITY OF PASSAIC.

1. The provision of section 83 of the act to incorporate the city of Passaic (*Laws*, 1873, *p*. 515,) that no writ of *certiorari* shall issue, &c., unless applied for within three months, &c., applies as well to assessments of damages as to those for benefits.
2. The provisions of section 66, relating to the principle upon which assessments for benefits are to be made, must be understood as if they contained not only an express limitation of the assessment to the land benefited, but the further limitation of the amount of the assessment to the benefits received ; and, from the report and proceedings of the commissioners, it must affirmatively appear that the legislative rule in this sense has not been departed from.
3. Although the commissioners certify, that in making their estimate of the advantage, &c., they had due regard to the value of the lands taken, &c., yet if it appears clearly from the testimony that one of them took no part in estimating the value of the land taken, the assessment will be set aside.

On *certiorari* to remove the assessments for the opening of Hamilton avenue, in the city of Passaic.

State, Simmons, pros., v. City of Passaic.

Argued at February Term, 1875, before Justices WOOD-HULL, VAN SYCKEL and SCUDDER.

For the prosecutor, *Comstock* and *Hoxsey*.

For the defendant, *T. M. Moore*.

The opinion of the court was delivered by

WOODHULL, J. This writ brings up, with other proceedings touching the opening of Hamilton avenue, in the city of Passaic, two assessments—one of damages, and another of benefits, both of which, together with the proceedings on which they are founded, the prosecutor insists are illegal.

The several objections taken to the assessment of damages are met, on the part of the city, by the general answer, that this assessment cannot now be reviewed, by reason of the prosecutor's delay in suing out his writ.

Section 83 of the act to incorporate the city of Passaic, approved April 2d, 1873, provides, that no writ of *certiorari* shall be allowed, or issue, to remove any assessment for any improvement in said city, unless the same is applied for within three months after the confirmation of such assessment by the city council. (*Acts*, 1873, *p.* 515.)

The case shows that the assessment in question was confirmed by the city council January 5th, 1874.

The writ was not applied for until May 30th, 1874, almost five months after the confirmation.

The prosecutor insists that this is not an assessment within the meaning of the 83d section; and, further, that there is no provision in the act for its confirmation, nor any such confirmation shown by the case. Neither of these positions is tenable. Section 61 of the act authorizes the commissioners to make an assessment of the damages, &c. Section 62 requires them to subscribe an oath or affirmation, &c., to make the said estimate and assessment fairly, &c.

Section 63 provides, that they "shall make a just and true estimate and assessment, as aforesaid, and make and sign a

report of such estimate and assessment, and file the same with the city clerk, and the same being ratified by the city council, shall be binding and conclusive," &c.

A comparison of the foregoing provisions with those in the following sections relating to the assessment for benefits, fails to suggest any plausible ground for holding that the comprehensive language of section 83, "any assessment for any improvement in said city," was not intended to embrace as well the assessment of damages as the assessment for benefits. *See* §§ 66–73.

The provisions for the confirmation of these assessments are, in substance, the same. They differ, simply, in this, viz., that while, in reference to the assessment of damages, the act uses only the word "ratified," it uses, in relation to the other assessment, the word "ratified" in one section (§ 71), and the word "confirmed" in another (§ 73), but manifestly in the same sense.

As to the fact of confirmation, the minutes of the city council of January 5th, 1874, show that the commissioners' report of damages, &c., was on that day taken up, read and "confirmed."

The writ allowed in this case not having been applied for within three months after such confirmation, must, as to the assessment of damages, and all proceedings prior thereto, be dismissed.

It remains to be considered whether the assessment for benefits has been made in conformity to the requirements of the charter and the rules of law.

Section 66 (*Laws*, 1873, *p.* 510,) provides that the city council, after ascertaining the whole amount of the costs, damages and expenses resulting from any such improvement, shall cause to be made a just and equitable assessment thereof upon the owners of the lands and real estate benefited thereby, in proportion, as nearly as may be, to the advantage each shall be deemed to acquire.

These provisions furnish the governing rule of the assessment under review, and it is now settled that they are to be

understood as if they contained not only an express limitation of the assessment to the land benefited, but the further limitation of the amount of the assessment to the benefits received; and that from the report and proceedings of the commissioners who have been charged with the duty of making the assessment, it must affirmatively and unequivocably appear that the legislative rule, in the sense just stated, has not been departed from. *Village of Passaic* v. *Del., Lack. & West. R. R. Co.*, 8 *Vroom* 538.

The report of the commissioners in this case, so far as it relates to the principle upon which they proceeded in making their assessment, is as follows: " After considering all the matters in question, we proceed to make a just and equitable assessment of the said sum, &c., upon the owners of all the land and real estate benefited by the opening and laying out Hamilton avenue, in the manner aforesaid, in the proportion, as nearly as might be, to the advantage that each was deemed to acquire; and we certify that in making our estimate of the advantage acquired by the said owners of land, we have had due regard to the value of the lands of such owners which have been taken and appropriated for the purpose of said improvement, and in each case we have deducted from the full amount of benefit received by any owner, the value or his lands taken and appropriated as aforesaid, the balance being, in our judgment, the actual advantage acquired by such owner."

The language of this report seems to me to exclude the idea that the assessment to which it relates could have been in excess of the benefits received.

The fact certified to by the commissioners in reference to their method of proceeding, must be taken as true until the contrary appears. In the absence of countervailing proof thereupon, my conclusion would be that this assessment should be affirmed. The testimony of Mr. Roberts, however, one of the three commissioners, discloses a fatal defect in their proceedings. They certify that in making their estimate of the advantage, &c., they had due regard to the value

of the lands taken and appropriated for the improvement, and that they reached their conclusion as to the actual advantage acquired by the owner, by deducting from the amount of benefit received by him, the value of his lands taken, &c. This operation necessarily presupposes an estimate by the commissioners, as a body, not only of the amount of benefits, but also of the value of the lands taken. The testimony of Mr. Roberts shows, conclusively, that he, at least, took no part in such estimate, so far as the land was concerned. He neither estimated the value, nor ascertained the quantity of the land taken from the prosecutor. He states that these matters belonged to the former commissioners. His two colleagues were members of that commission, also, but he was not. They no doubt had the requisite knowledge, and made the estimate as certified. But this was not enough. The judgment of each one of the three commissioners, in regard to the value of the land taken, was absolutely essential.

The assessment must be set aside, with costs.